Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
(212) 548-2167
*pagoldstein@mcguirewoods.com*
*Attorney for Defendant Hamilton Beach Brands, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MINA BEZALEL, | : | Civil Action No. 1:22-cv-05094 |
| | : | |
| Plaintiff, | : | (Removed from the Supreme Court of |
| | : | the State of New York, County of |
| v. | : | Queens, Index No. 714976/2022) |
| | : | |
| HAMILTON BEACH BRANDS, INC., | : | |
| | : | **NOTICE OF REMOVAL** |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**TO THE CLERK OF COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Hamilton Beach Brands, Inc. ("Hamilton Beach"), by and through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, on the grounds of complete diversity jurisdiction. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Hamilton Beach avers as follows:

**I.     PLEADINGS AND FILINGS IN SUPREME COURT**

1.     On or about July 20, 2022, Plaintiff Mina Bezalel ("Bezalel" or "Plaintiff") filed a Verified Complaint in the Supreme Court of the State of New York, County of Queens, captioned *Mina Bezalel v. Hamilton Beach Brands, Inc.*, bearing Index Number 714976/2022 (the "State Court Action").

2.   Plaintiff served Hamilton Beach on August 8, 2022.

3.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Hamilton Beach are attached hereto as **Exhibit A**.

4.   Hamilton Beach has not received any other papers related to this matter to date beyond those attached as **Exhibit A**, and has not filed any responsive pleadings in the State Court Action.   No proceedings have been held nor other pleadings filed in the State Court Action.

5.   Plaintiff named and served only Hamilton Beach as a defendant, who consents to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

6.   No party in interest who is a citizen of New York has been properly joined and served as a defendant. *See* 28 U.S.C. § 1441(b)(2).

## II.   <u>TIMELY FILED IN THE PROPER VENUE</u>

7.   The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days of Hamilton Beach's receipt of service of process on August 8, 2022.

8.   This action has not been previously removed to federal court.

9.   Venue lies with this Court because the action was originally filed in Queens County, New York, which is located within the geographic boundaries of the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §§ 112, 1441(a).

## III.   <u>NOTICE</u>

10.   Hamilton Beach is contemporaneously giving written notice of removal to Plaintiff and to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1446(d).   A copy of the removal notice to be filed with the Clerk of the Supreme Court

of the State of New York, County of Queens, is attached hereto as **Exhibit B**.

## IV.   <u>GROUNDS FOR REMOVAL</u>

11.  28 U.S.C. § 1441 "permits removal on the basis of either federal question jurisdiction or diversity of citizenship." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019); *see also* 28 U.S.C. § 1441(a) (permitting removal where federal district courts "have original jurisdiction" over the action).

12.  Under federal diversity jurisdiction, this Court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a).

13.  The Court should determine "the existence of federal subject matter jurisdiction over an action removed from state court to federal court . . . as of the time of removal." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 357 (2d Cir. 2011) (quoting *Hallingby v. Hallingby*, 574 F.3d 51 (2d Cir. 2009)).

14.  The United States District Court for the Eastern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Diversity Requirement is Satisfied

15.  Under federal diversity jurisdiction, the complete diversity requirement demands that "all plaintiffs…be citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014).

16. Pursuant to the Complaint, Plaintiff, at all times relevant, was and is a resident of Queens County, New York.  *See* **Exhibit A** Compl. ¶ 1.  For the purposes of jurisdiction, Plaintiff is a citizen of New York.

17. For purposes of federal diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

18. The only properly joined defendant, Hamilton Beach, is not a resident or citizen of New York.  *See* Compl. ¶ 2. Hamilton Beach was and is a Delaware corporation with its principal place of business in Glen Allen, Virginia.  *See id*.  For the purposes of jurisdiction, Hamilton Beach is a citizen of Delaware and Virginia.

19. Plaintiff and Hamilton Beach are not citizens of the same state.

20. Accordingly, the diversity requirement is satisfied and there is complete diversity because Bezalel, who is a New York citizen and resident, is a "citize[n] of [a] different state[e]" from the properly joined and served defendant, Hamilton Beach, who is not a New York citizen or resident.  28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000**

21. In removing actions based on federal diversity jurisdiction, the general rule is that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

22. As to a specific monetary value, Plaintiff did not include an *ad damnum* in the Complaint, but demands judgment against Hamilton Beach in both compensatory and punitive damages.  *See* Compl. ¶ 54.  Bezalel therefore did not specify the amount in controversy in her Complaint.  *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) ("New York's rules of

civil procedure prohibit a plaintiff from pleading a specific monetary demand where the complaint alleges personal injury.").

23. Generally, if there is no *ad damnum* clause, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (a defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount . . . . To determine whether that burden has been met, we look first to the plaintiffs' complaint and then to [defendant's] petition for removal."); *Farr v. Marp Ltd., LLC*, 2014 U.S. Dist. LEXIS 190581, at *2-*3 (W.D.N.Y. Dec. 3, 2014). But "where the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleading to other evidence in the record." *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 305 (2d Cir. 1994). Prospective punitive damages must be considered when calculating the amount in controversy. *See Bindrum v. Am. Home Assur. Co.*, 441 Fed. Appx. 780, 782 (2d Cir. 2011) ("Potentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law.") (citing *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 97 (2d Cir. 1991)); *see also Brauner v. Provident Life & Cas. Ins. Co.*, 1998 U.S. Dist. LEXIS 23042, at *8-*9 (E.D.N.Y. Mar. 24, 1998) ("[A] court may take both attorney's fees and punitive damages into account when determining the amount in controversy.") (citing *Coker v. Bank of America*, 984 F. Supp. 757, 762 (S.D.N.Y. 1997)).

24. Hamilton Beach need not, "in the first instance, . . . present *evidence* proving that the claim involves more than $75,000," but "there must be at least *plausible factual*

*allegations*—either in the underlying state court complaint or in the defendant's notice of removal—supporting a determination that the value of the claim exceeds $75,000." *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, 2019 U.S. Dist. LEXIS 85519, at *4 (S.D.N.Y. May 21, 2019); *see also Dart Cherokee Basin Operation Co. v. Owens*, 574 U.S. 81, 89 (2014) (a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").[1]

25. First, Bezalel seeks to recover for injuries she alleges resulted from use of a Hamilton Beach 45 Cup Coffee Urn, model 40515R (the "Subject Urn"). Plaintiff alleges that on or about April 17, 2022, the plastic handles "suddenly detached" from the Subject Urn while she was carrying it, and "scalding hot water from inside the tank spilled onto Plaintiff's ankles, feet and shins." Compl. ¶¶ 22, 24. As a result, Plaintiff alleges:

    a. After Plaintiff's family called 911, Plaintiff was transported by ambulance to North Shore University Hospital where "she was diagnosed with severe burns to her ankles, feet and shins." Compl. ¶ 25.

    b. On or about April 19, 2022, "Plaintiff began follow-up treatment at the Cornell Burn Center outpatient program and would spend the next 10 days in that program treating her burn injuries." *Id.* ¶ 26.

    c. Plaintiff "continues to suffer pain and scarring from her burns several months after the incident." *Id.* ¶ 27.

    d. As a result, Plaintiff seeks "Compensatory damages on each Cause of Action." Compl. Prayer ¶ 54(a).

---

[1] If the Court requests evidence, Hamilton Beach will submit affidavits/declarations and documents supporting any factual contention in this notice of removal.

26. These allegations of compensable damages, arising from personal injury causing significant injury, are plausible facts establishing that the amount in controversy exceeds $75,000. *See Remede Consulting Grp. Inc. v. Hamer*, 2020 U.S. Dist. LEXIS 28111, at *5 (E.D.N.Y. Mar. 5, 2020) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements.") (citing *Naji v. Lincoln*, 665 F. App'x 397, 401 n.2 (6th Cir 2016)).

27. Second, other cases alleging scald injuries have resulted in verdicts or settlements exceeding the $75,000 jurisdictional threshold.[2] In *Wagner v. Kenific*, 161 A.D.2d 1092, 1094 (N.Y. App. Div. 1990), a plaintiff sustained first and second degree burns from scalding water to his face, neck, chest, right arm and hand, abdomen, right groin and genitals. The jury awarded him $375,000 for past pain and suffering and $10,000 for future pain and suffering. The jury also awarded his wife $25,000 on her derivative claim. The Appellate Division affirmed the judgment and order. In another scalding water case, a plaintiff sustained second and third degree burns to his legs and feet, and received $3.35 million in damages, $2.25 million for past pain and suffering and $1 million for future pain and suffering. An award to the plaintiff's wife was reduced, but his award was upheld by the Appellate Division. *Parris v. Shared Equities, Co.*, 281 A.D.2d 174, 174-75 (N.Y. App. Div. 2001). In 2008, in *Ana Feliz v. Property Resources Corp. v. 201 West 81st Street Assocs., L.P. & Ocram, Inc.*, 2008 Jury Verdicts LEXIS 36027 (Mar. 13, 2008), a woman sued her apartment complex after suffering burns in the shower when her hot water knob broke off and she was unable to stop the flow of water, which reached a scalding temperature. She sought recovery of a total of $5 million and punitive damages of $1

---

[2] Hamilton Beach does not concede that these cases are probative of what Bezalel should recover. They instead are evidence probative of the amount in controversy—that is, evidence only of the fact that Bezalel could have originally filed suit in this Court seeking damages exceeding $75,000.

million.  Ultimately, she was awarded $2 million following mediation.  In *Christopher Bent v. Sears, Roebuck, & Co. and Electrolux Home Products*, 2016 Jury Verdicts LEXIS 6658 (July 13, 2016), a man who suffered severe second and third degree burns from a faulty electric range was awarded $7.5 million in a products liability action.  This included a punitive damages award of $2.5 million.  In an analogous case, wherein two women escaped their home only to watch it burn down, the plaintiffs were awarded property damages, $50,000 each in personal injury for emotional and mental distress, and $50,000 each in punitive exemplary damages.  *See Edna Deveaux & Shamese Deveaux v. Rachel & Mordechi Landau & Vintage General Construction Inc. & Ranjette Combs, & Bernard Barham*, 2011 Jury Verdicts LEXIS 15550 (Mar. 30, 2011).

28. Third, Bezalel seeks an award of punitive damages.  Specifically, Bezalel alleges that the "conduct of Defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages."  Compl. ¶¶ 41, 53; *see also* Compl. Prayer ¶ 54(b) (seeking "Punitive damages on Cause of Action One and Three").  While Hamilton Beach disputes Bezalel's ability to plead punitive or exemplary damages, it relies solely on Bezalel's good faith belief that she can seek punitive or exemplary damages to establish that the amount in controversy exceeds $75,000.00.  *See In re General Motors LLC Ignition Switch Litigation*, 2015 U.S. Dist. LEXIS 59834, at *316-*317 (S.D.N.Y. May 6, 2015) ("[T]he Court finds that [the plaintiff's] claims for [an unspecified amount of] punitive damages, when combined with the other damages that they are seeking, are more than enough to satisfy the amount-in-controversy requirement.").

29. The amount in controversy, therefore, exceeds the $75,000.00 threshold.

## V.    **PRESERVATION OF DENIALS AND DEFENSES**

30. By filing this Notice of Removal, Hamilton Beach does not waive any defenses either procedural or substantive, that might be available to it.  No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint.

31. In addition, Hamilton Beach expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12.  Hamilton Beach also expressly reserves and does not waive its right to amend or supplement this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

## VI.    **CONCLUSION**

32. This Court has original jurisdiction over this litigation under federal diversity jurisdiction.  The amount in controversy exceeds $75,000.00, and all properly joined and served parties are completely diverse.

WHEREFORE, Defendant Hamilton Beach Brands, Inc., requests that the above-entitled action be removed from the Supreme Court of the State of New York, County of Queens to the United States District Court for the Eastern District of New York and that the Court assume jurisdiction over this action and enter such orders necessary to accomplish the requested removal and promote the ends of justice.

Dated: New York, New York  
     August 26, 2022

Respectfully Submitted,

**MCGUIREWOODS LLP**

By:   */s/ Philip A. Goldstein*  
    Philip A. Goldstein  
    McGuireWoods LLP  
    1251 Avenue of the Americas, 20th Floor  
    New York, New York 10020-1104  
    Tele:   (212) 548-2167  
    Email: pagoldstein@mcguirewoods.com  
    *Attorneys for Defendant Hamilton Beach Brands, Inc.*